

OCT 2 1 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| ARMENTHA DOUGLAS | CIVIL ACTION NO: 12-1977 |
| VERSUS | JUDGE DONALD E. WALTER |
| MINNESOTA LIFE INS. CO. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the court are cross-motions for summary judgment in the above captioned matter. For the reasons assigned herein, the motion for summary judgment filed by Antonio Evans, Miranda Evans, Nastassia Evans, and Renaldo Evans ("the Evans Children") [Doc. #25] is hereby **GRANTED**. The motion for summary judgment filed by Armentha Douglas as the Adminitratrix of the Estate of Ryan Glenell Douglas [Doc. #28] is hereby **DENIED**.

## BACKGROUND INFORMATION

### A.   Factual Background

The facts surrounding the this case are undisputed. On July 25, 2011, Ryan Glenell Douglas shot and killed his wife, Carolyn Evans Douglas, and then committed suicide moments later. [Doc. #25, Ex. A]. On August 3, 2012, as part of a wrongful death lawsuit, the First Judicial Court, Caddo Parish, Louisiana held Ryan Glenell Douglas criminally responsible for the death of Carolyn Evans Douglas. [Doc. #25, Ex. E]. All delays have run and the judgment of the First Judicial District Court is now final.

At the time of her death Carolyn Evans Douglas was an employee of The Home Depot where she participated in an employee benefit plan. As part of the plan Carolyn Evans Douglas had two insurance policies issued by Minnesota Life Insurance Company ("Minnesota Life"): (1) a group

term life insurance policy (No. 33886-G), and (2) an accidental death and dismemberment insurance policy (No. 33887-G). The group term life insurance policy names the Evans Children and Ryan Glenell Douglas as beneficiaries. The accidental death and dismemberment policy names Ryan Glenell Douglas as the sole beneficiary.[1]

Minnesota Life has distributed the portion of the group term policy to the Evans Children, but has refused to distribute the portion designated for Ryan Glenell Douglas to his estate. Likewise, Minnesota Life has refused to distribute proceeds of the accidental death and dismemberment policy to the Estate of Ryan Glenell Douglas citing the potential for a competing claim by the Evans Children.

**B.    Procedural Background**

Armentha Douglas, in her capacity as Administratrix of the Estate of Ryan Glenell Douglas, commenced this cause of action in the First Judicial District Court of Caddo Parish, Louisiana, seeking a declaratory judgment that Minnesota Life must award the estate the proceeds of the contested life insurance policies. Minnesota Life removed the matter to federal court pursuant to 28 U.S.C. §§ 1331 and 1332(a). [Doc. #1]. Thereafter, Minnesota Life filed a counterclaim for interpleader pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22. Minnesota Life identified the children of Carolyn Evans Douglas as necessary parties and requested that they be joined pursuant to Fed. R. Civ. P. 19. The court obliged, and joined Antonio Evans, Miranda Evans, Nastassia Evans and Renaldo Evans as necessary parties. Minnesota Life deposited the disputed life insurance

---

[1] Information concerning the policies is derived from the undisputed facts and exhibits in the record. However, no party has furnished this court with a complete copy of either policy. Specifically, the court requires verification of the individuals named as beneficiaries under both policies. The court cannot disburse any funds until a complete copy of each policy is filed into the record.

proceeds of $664,000.00 with this court. [Doc. #18]. Thereafter, Minnesota Life was dismissed from this matter by consent motion. [Doc. #22].

## LAW AND ANALYSIS

The Evans Children argue that the plain language of La. R.S. 22:901 prohibits Ryan Glenell Douglas or his estate from receiving any proceeds of the insurance policies in question despite his designation as a beneficiary. La. R.S. 22:901(D), the intentional act exclusion, states in relevant part:

>  (1) No beneficiary, assignee, or other payee under any personal insurance contract shall receive from the insurer any benefits under the contract accruing upon the death, disablement, or injury of the individual insured when the beneficiary, assignee, or other payee is either:
>
>  (a) Held by a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured.
>
>  (b) Judicially determined to have participated in the intentional, unjustified killing of the individual insured.
>
>  (2) Where such a disqualification exists, the policy proceeds shall be payable to the secondary or contingent beneficiary, unless similarly disqualified, or, if no secondary or contingent beneficiary exists, to the estate of the insured. Nothing contained in this Section shall prohibit payment pursuant to an assignment of the policy proceeds where such payment defrays the cost and expenses of the insured's funeral or expense incurred in connection with medical treatment of the insured. Nothing contained in this Section shall prohibit payment of insurance proceeds pursuant to a facility of payment clause, so long as such payment is not made to a beneficiary, assignee, or other payee disqualified by this Section.
>
>  (3) An executive pardon of any beneficiary, assignee, or other payee disqualified under this Subsection shall not affect the disqualification.

The Evans Children argue that Ryan Glenell Douglas, if alive, would be statutorily precluded from receiving proceeds as a named beneficiary because a court of competent jurisdiction has held

him criminally responsible for Carolyn Evans Douglas's death. Therefore, the Evans Children argue that the Estate of Ryan Glenell Douglas must necessarily be precluded from receiving any proceeds under either of the disputed insurance policies.

The Estate of Ryan Glenell Douglas does not dispute that Ryan Glenell Douglas would be personally disqualified from receiving the proceeds of the insurance policies. Rather, the estate argues that La. R.S. 22:901(D) should not apply to preclude it from receiving the proceeds. The estate argues that the purpose of the statute is to prevent an individual who kills an insured from benefitting from his wrongful act, but it is not intended to prohibit the estate of the wrongdoer from receiving the proceeds because the estate is an innocent party. This logic is flawed. Only Ryan Glenell Douglas is named as a beneficiary, not the estate. Thus, the Estate of Ryan Glenell Douglas has no claim to the proceeds in its own right. Rather, the proceeds would only become part of the estate if Mr. Douglas were personally eligible to receive the proceeds.

This court finds that Ryan Glenell Douglas is disqualified to receive the proceeds from the two life insurance policies in question pursuant to La. R.S. 22:901(D) because a final judgment of the First Judicial District Court, Caddo Parish, Louisiana, holds him criminally responsible for the death of the insured, Carolyn Evans Douglas. Having made this determination the court must now determine its effect on the distribution of the proceeds of the policies. The plain language of La. R.S. 22:901(D)(2) and the terms of the policies provide clear instruction and the court need not delve any further.

The group term life insurance policy (No. 33886-G) names Antonio Evans, Miranda Evans, Nastassia Evans, Renaldo Evans, and Ryan Glenell Douglas as beneficiaries. The policy states that an insured may name more than one beneficiary, and if multiple beneficiaries are named each is to

4

be paid an equal share unless the insured requests otherwise. [Doc. #25, Ex. B]. Because Ryan Glenell Douglas is disqualified pursuant to La. R.S. 22:901, his portion of the proceeds of the policy (No. 33886-G) must be equally distributed among the other named beneficiaries: Antonio Evans, Miranda Evans, Nastassia Evans, and Renaldo Evans. As this court has noted, a complete copy of the policy must be filed in the record before the court will order distribution of the proceeds to the Evans Children.

The accidental death and dismemberment policy (No. 33887-G) names Ryan Glenell Douglas as the sole beneficiary. He is disqualified from receiving any proceeds under this policy. The terms of the policy include a "facility of payment clause" which states that when there is no eligible named beneficiary the proceeds will first be paid to the insured's lawful spouse, if living [inapplicable due to disqualification], otherwise to the insured's natural or adopted children in equal shares.[2] [Doc. #25, Ex. B]. La R.S. 22:901(D)(2) specifically states that the section "shall not prohibit payment of insurance proceeds pursuant to a facility of payment clause, so long as such payment is not made to a beneficiary, assignee, or other payee disqualified by this section." Therefore, under the terms of the policy (No 33887-G) the proceeds are payable to the Evans Children in equal shares. As noted above, the court requires a complete copy of the policy before it will order distribution of the proceeds.

## CONCLUSION

For the reasons assigned herein, the motion for summary judgment filed by the Evans Children [Doc. #25] is hereby **GRANTED**. The motion for summary judgment filed by Armentha

---

[2] The "facility of payment clause" is designed to limit the liability of an insurer, who, in good faith, pays policy proceeds to an applicant apparently equitably entitled to receive them. *Metropolitan Life Ins. Co. v. Groue*, 117 So.2d 833 (La. App. 1960).

5

Douglas as the Administratrix of the Estate of Ryan Glenell Douglas [Doc. #28] is **DENIED**.

**THUS DONE AND SIGNED**, this 21 day of October, 2013.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE